UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED MORGENSTERN,   Civil No. 06-1107 (RHK/JSM)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

R.L. MORRISON, Warden,

    Respondent.

---

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center ("RRC")[1] and requests an immediate transfer to a RRC. Respondent has filed a response to the Petition stating that it has changed its policy regarding RRC placement but, because Petitioner's projected release date is still five years away, he will not be considered for RRC placement until 11 to 13 months prior to his projected release date. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be granted in part and denied in part.

---

[1] Until recently, RRCs were known as Community Corrections Centers ("CCCs") and commonly referred to as halfway houses.

**I.     BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota.  He is serving a 121-month federal prison sentence that was imposed on April 18, 2003.  Pet.'s Memo at 3.  Petitioner's projected release date is September 5, 2011.  Gov't Resp. at 3.  Petitioner contends that the RRC determination policy utilized by the BOP is unconstitutional and an abuse of discretion.  Pet.'s Memo at 2.  Petitioner requests an individual assessment by the BOP according to its pre-2002 policies.  Id. at 4.  Petitioner also contends that under Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) he is entitled to an immediate transfer to a RRC.  Pet.'s Memo at 2.  Respondent's opposition stated that it has changed its policy regarding RRC placement and it does not challenge the Petition to the extent it seeks BOP reconsideration of the date on which the Petitioner should be assigned to a RRC, without regard to §§ 570.20 and .21.  Gov't Resp. at 2.  In this regard, the Government asserts that the BOP now adheres to its pre-2002 guidelines as set forth in Program Statement 7310.04.  Id.  Petitioner opposes the application of Program Statement 7310.04 in determining his RRC placement date and asks for consideration based solely on the Elwood decision.  Pet.'s Reply at 3.

**II.    DISCUSSION**

At issue in this case is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

> 18 U.S.C. § 3624(c) states:
>
>> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions

2

>    that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

> 1) the resources of the facility contemplated;
> 2) the nature and circumstances of the offense;
> 3) the history and characteristics of the prisoner;
> 4) any statement by the court that imposed the sentence –
>    A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    B. recommending a type of penal or corrections facility as appropriate; and
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

In light of the Eighth Circuit's decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the Government asserts that the BOP has discarded §§ 570.20 and .21 and has returned to it's pre-2002 guidelines, set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998.  Gov't Resp. at 2.  Therefore, the Government states that it does not challenge the Petition to the extent it seeks BOP reconsideration of Petitioner's RRC eligibility date without regard to §§ 570.20 and .21.  Id.  However, to the extent Petitioner seeks immediate consideration or transfer to a RRC, the Government argues that the Petition should be denied.  Id. at 4.

As an initial matter, the Court concludes that to the extent Petitioner seeks a decision requiring the BOP to consider his release to a RRC without regard to 28 C.F.R. §§ 570.20 and .21, he has already obtained that relief.  The BOP has stated that it will conduct Petitioner's RRC evaluation consistent with Program Statement 7310.04 and

without consideration of §§ 570.02 and .21.  Further, this Court rejects Petitioner's contention that Program Statement 7310.04 is inconsistent with the mandates of § 3621(b).  First, Program Statement 7310.04 directs the BOP to make RRC recommendations "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly".  Program Statement 7310.04 at 7.  Second, it states that a number of factors must be weighed in determining the length of RCC placement including, "individual needs and existing community resources".  Id.  Third, the statement provides that the BOP "may place an inmate in a [RCC] for more than the 'last ten per centum of the term,' or more than six months if appropriate".  Id. at 4.  It also states that although placement beyond 180 days is highly unusual, it is possible with 'extraordinary justification".  Id. at 8.  Fourth, the Program Statement provides that the BOP will begin planning for an inmate's release upon the inmate's initial placement and a "final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Id. at 7.  All of these provisions are consistent with § 3621(b) and the Fults decision that RRC determinations be made without consideration of §§ 570.20 and .21.

This Court also rejects Petitioner's contention that under Elwood he is entitled to an immediate transfer to community confinement and that causing him to wait until 11 to 13 months before his release date for another individual assessment violates his constitutional rights.  Pet.'s Reply 3.  No authority to which the Court has been alerted requires the BOP to conduct a RRC eligibility review or immediately transfer a prisoner to a RRC on demand by the prisoner.  To the contrary, this Court finds, as have other

4

courts in this district, that no inmate is entitled to a RRC review every time he requests such an evaluation.  See, Carter v. Federal Bureau of Prisons, 2006 WL 1791275 (D.Minn., June 27, 2006); Fisher v. Morrison, 2006 WL 1716135 (D.Minn., June 20, 2006); Smith v. Morrison, 2006 WL 1716131 (D.Minn., June 20, 2006).  In addition, the Elwood decision, upon which Petitioner relies, does not give prisoners the right to an RRC evaluation or transfer at any time during their incarceration.  Rather, the Eighth Circuit found that the BOP has discretion to transfer prisoners at any time during their incarceration, but only has the duty to consider a transfer to a RRC in the last six months of a sentence.  Elwood, 386 F.3d at 847.  See also 18 U.S.C. § 3624(c) (The BOP's duty to place prisoners in conditions that will prepare the prisoner for re-entry into the community shall not extend beyond the last six months of the prisoner's sentence); Rennicke v. Sanders, 2006 WL 1817089 (E.D.Ark. June 30, 2006), (finding that "[a]t no point in the Fults litigation has any court directed the BOP to transfer a specific inmate to an RRC.  All Petitioner is entitled to under Fults is consideration for such a transfer in accordance with the procedures outlined in P.S. 7310.04.")

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be GRANTED IN PART AND DENIED IN PART.  The Petition should be granted to the extent Petitioner requests a RRC eligibility determination without regard to 28 C.F.R. §§ 570.02 and .21.  The Petition should be denied to the extent Petitioner seeks immediate transfer to a RRC or immediate determination of his RRC eligibility

5

date. While Petitioner's release date is still five years away, the BOP has committed to conducting Petitioner's RRC placement 11 to 13 months before his projected release date, pursuant to Program Statement 7310.04.  Petitioner has already obtained all the relief he is entitled to under 18 U.S.C. § 3621(b) and 28 U.S.C. § 2241.

Dated:   August 2, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 21, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.